UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARTI BHASKAR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>UNIFUND CCR, LLC AND LAZEGA & JOHANSON LLC,<br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Arti Bhaskar, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### Jurisdiction

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), a federal statute.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. Venue is proper in this Court because the acts and transactions originated in the Northern District of Georgia and Defendants reside in the Northern District and the Atlanta Division.

## Parties

4. Plaintiff is a natural person residing in Macon, Georgia, which is located in Bibb County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k.

5. Defendant Unifund CCR, LLC ("Unifund") is a debt collection company that uses the mail to actively collect consumer debts in the State of Georgia. Defendant Unifund is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Lazega & Johanson LLC ("LJ") is a debt collection law firm that uses the mail to actively collect consumer debts in the State of Georgia. Defendant LJ is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Via an instrumentality of interstate commerce, Defendants operate a nationwide debt collection business and attempt to collect debts from consumers in several states, including Georgia.

8. The Summons and Complaint may be served on Defendant Unifund by service on its registered agent in Georgia, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, GA, 30092.

9. The Summons and Complaint may be served on Defendant LJ by service on its registered agent in Georgia, Jay S. Lazega, at 1510 Ellsworth Industrial Blvd., Bldg. 2, Suite 20, Atlanta, GA, 30318.

## The Fair Debt Collection Practices Act

10. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 559 U.S. 573, 576 (2010).

## Factual Allegations Common to the Class

11. As a matter of pattern and practice, Defendant LJ sends form debt collections to hundreds of consumers who allegedly owe a consumer debt to Defendant Unifund.

12. These "dunning" letters are the initial communication between Defendants and a consumer.

13. These "dunning" letters contain the following notice:

Unless you dispute the validity of this debt, in whole or in part, within 30 days of your receipt of this letter, the debt will be assumed valid by the debt collector. If you dispute the debt by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or a copy of the judgment against you, as the case may be, and this verification will be mailed to you. Upon your written request within

the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

14. 15 U.S.C. § 1692g(a) requires:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. Defendants' "dunning" letters do not state Defendants are not required to provide "verification of the debt or a copy of the judgment" unless the consumer the debt is disputed within the thirty-day period as required by 15 U.S.C. § 1692g(a)(4).

16. A consumer only has the right to receive "verification of the debt or a copy of the judgment" if the consumer disputes the debt within the thirty-day period. *See generally Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1273-74 (11th Cir. 2016); *see also Wenig v. Messerli & Kramer P.A.*, 2013 WL 1176062

(D. Minn. Mar. 21, 2013) (failed to state the thirty-day time period in which to submit a written dispute).

17. With respect to all putative class members and at all times relevant for this Complaint, Defendants were attempting to collect a consumer debt.

18. With respect to all putative class members and at all times relevant for this Complaint, Defendants used interstate commerce—chiefly the United States Postal Service—to send materially misleading collection letters to consumer(s) from August 30, 2018 to the present.

## Factual Allegations of Plaintiff

19. Defendant sent Plaintiff Bhaskar a form debt collection letter dated August 30, 2018, which failed to notify the Plaintiff the Defendants were required to provide verification of the debt if Plaintiff disputed the debt within thirty-days of receipt of the debt collection letter.

20. A redacted copy of Defendants' August 30, 2018 form debt collection letter is attached hereto as Exhibit "A."

21. Defendants' letter misleads consumers like Plaintiff with respect to their rights under the FDCPA by failing to provide the notice required by 15 U.S.C. § 1692g(a)(4).

22. As with other letters to putative class members, Defendants' form letter to Plaintiff Bhaskar creates the impression that a consumer has the right to request verification of an alleged debt at any time. This is simply not so.

23. Defendants were attempting to collect a consumer debt from Plaintiff Bhaskar in the August 30, 2018 form debt collection letter.

24. Plaintiff Bhaskar received the August 30, 2018 form debt collection letter.

25. The August 30, 2018 debt collection letter was a communication directed to Plaintiff Bhaskar and originated in this judicial district.

26. Defendants used means of interstate commerce—chiefly the United States Postal Service—to send the August 30, 2018 form debt collection letter to Plaintiff Bhaskar.

27. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

28. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard.

29. The debt identified in the August 30, 2018 debt collection letter was primarily for personal, family, or household purposes and, thus, is a consumer debt.

30. At all times relevant hereto, Defendant LJ was acting for the benefit of and at the direction of Defendant Unifund.

## Causes of Action

### Count I – Violation of § 1692g
### Failure to Provide A Complete Validation Notice

31. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

32. Section 1692g of the FDCPA requires debt collectors to make certain disclosures to consumers.

33. Among the disclosures required by 1692g is a consumer's right to demand verification of a debt:

> [A] statement that if the consumer notifies the debt collector in writing *within the thirty-day period* that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]
> 15 U.S.C. § 1692g(a)(4)(emphasis added).

34. Defendants form debt collection letter violates 1692g because it is incomplete and does not inform a consumer that their right to demand verification is limited to a thirty-day period after receipt.

35. The implication of Defendants' putative validation notice contained in their form debt collectors is that a consumer's right to demand verification of the debt is open-ended, which likely would result in consumers foregoing their right to demand verification.

36. A consumer's right to seek verification of an alleged debt is one of a consumer's most significant rights. In addition to allowing a consumer to

determine whether they actually owe an alleged debt, the timely dispute process requires a debt collector to cease collection activities until the verification is provided. 1692g(b).

37. In short, Defendants' form debt collection letter contains a putative validation notice which is incomplete and, thus, violates 15 U.S.C. § 1692g.

38. Defendant's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k.

## Class Allegations

39. Plaintiff brings this action seeking class certification accordance with Federal Rule of Civil Procedure 23 on behalf of herself and the following Class:

> **(1) All persons in the United States who on a date one year prior to the filing of the initial complaint in this case to the date notice is sent to the Class, (2) received a collection letter (as represented by Exhibit "A" to this Complaint) via an instrument of interstate commerce, *e.g.* United States Mail, from Defendants, (3) for the purpose of collecting a debt, without (4) notifying the consumer that the consumer must request verification of the alleged debt within thirty days of receipt of the collection letter.**

40. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the classes; (5)

the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the classes' definitions following discovery regarding the size and scope of the alleged classes

41.   On information and belief, the number of members of the Classes are so numerous as to make joinder impracticable.

42.   This action seeks a finding that Defendants' use of the aforementioned form letters that fail to provide the required notices pursuant to 15 U.S.C. § 1692g(a)(4) violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

43.   Plaintiff Bhaskar's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.

44.   This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the

adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46. Plaintiff Bhaskar will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Bhaskar has retained counsel experienced in class action litigation and seasoned consumer rights litigators.

## **Demand for a Jury Trial**

47. Trial by jury is hereby demanded.

## **Prayer for Relief**

Plaintiff, Arti Bhaskar, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Bhaskar as Class Representative of the Class and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Bhaskar and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

Submitted April 24, 2019.

Arti Bhaskar, individually and on behalf of all other similarly situated,

/s/Ronald Edward Daniels
RONALD EDWARD DANIELS
Georgia Bar No.: 540854

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

/s/ Clifford Carlson
Clifford Carlson
Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

/s/ Jennifer Auer Jordan
Jennifer Auer Jordan
Georgia Bar No. 027857

Shamp Jordan Woodward LLC
1718 Peachtree Street NW
Suite 660
Atlanta, Georgia 30309

Tel. 404-893-9400
jordan@sjwtriallaw.com

                                  ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted April 24, 2019.

                                              /s/Ronald Edward Daniels
                                              RONALD EDWARD DANIELS
                                              Georgia Bar No.: 540854

P.O. BOX 4939
Eastman, GA 31023
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) ss |
| COUNTY OF BIBB | ) |

Pursuant to 28 U.S.C. § 1746, Plaintiff Arti Bhaskar, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02__ __25__, __2019__
               Month          Day         Year

__Arti Bhaskar__
Signature